**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **THOMAS L. PENTICOFF** | § | |
| **Plaintiff** | § | |
| | § | **CASE NO. 07-5166** |
| **v.** | § | |
| | § | **JURY** |
| | § | |
| **MERCK & CO., INC., and** | § | |
| **PFIZER, INC.** | § | |
| **Defendants** | § | |

**MERCK & CO., INC.'S ORIGINAL ANSWER**

Merck & Co., Inc. ("Merck") files this answer to Plaintiff's Original Complaint (the "Complaint") as follows:

## I.  RESPONSE TO "THE PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 1 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.

2.      Merck denies each and every allegation contained in the first four sentences of paragraph 2 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the information contained in the United States Food and Drug Administration ("FDA")-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx's indicated uses. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck admits the allegations contained in the fifth sentence of paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## II.  RESPONSE TO "JURISDICTION AND VENUE"

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

5.      With respect to the allegations in Paragraph 5 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled *In re Vioxx Products Liability Litigation*, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon, and that the subject matter of that litigation is similar to the subject matter set forth in this Complaint.

## III.  RESPONSE TO "INTRODUCTION"

6.      Merck denies every allegation directed toward Merck contained in the first two sentences of paragraph 6 of the Complaint and avers that Vioxx is the brand name for rofecoxib. The allegations contained in the third sentence of paragraph 6 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.   Merck denies each and every allegation directed toward Merck contained in the fourth sentence of paragraph 6 of the Complaint.

7.     Merck denies each and every allegation directed toward Merck contained in the first two sentences of paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the third sentence of paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

8.     Merck denies each and every allegation directed toward Merck contained in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation directed toward Merck contained in paragraph 9 of the Complaint except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs" and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 11 of the Complaint.  Merck

denies each and every allegation directed toward Merck contained in the second sentence of paragraph 11 of the Complaint.

12.    Merck denies each and every allegation directed toward Merck contained in paragraph 12 of the Complaint.

13.    Merck denies each and every allegation directed toward Merck contained in paragraph 13 of the Complaint.

## IV.  RESPONSE TO "FACTS—VIOXX'S PRE-APPROVAL"

14.    Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

15.    Merck denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 15 of the Complaint except admits that Plaintiff purports to quote the referenced e-mail and avers that the quoted language is taken out of context.

16.    Merck denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quoted language is taken out of context.  Merck denies each and every allegation contained in the second and third sentences of paragraph 16 of the Complaint.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint.

## V. **RESPONSE TO "FACTS—VIOXX'S POST-APPROVAL"**

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx, like all prescription medication, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.     Merck denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 20 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 20 of the Complaint except admits that Plaintiff purports to quote certain portions of statements, but avers that any such statements are taken out of context.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that the referenced press release exists, and respectfully refers the Court to the referenced document for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that the referenced press release exists, and respectfully refers the Court to the referenced document for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the studies referenced in the first sentence of paragraph 23 and the article referenced in the second sentence of paragraph 23 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained paragraph 26 of the Complaint except admits that Plaintiff purports to characterize and quote from certain statements, but Merck respectfully refers the Court to those statements for their actual language and full context.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that Plaintiff purports to quote from Dr. Simon, but Merck avers that said quote is taken out of context.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information. Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

32.    Merck denies each and every allegation contained in the first two sentences of paragraph 32 of the Complaint except admits that the referenced journals and articles contained therein exist, admits that Plaintiff purports to quote from the same, and respectfully refers the Court to said studies for their actual language and full context.  Merck further denies each and every allegation contained in the third sentence of paragraph 32 of the Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September, 2001, and respectfully refers the Court to that letter for its actual language and full text.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

September, 2001, and respectfully refers the Court to that letter for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that Merck trains its professional representatives.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that in April, 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the VALOR study was proposed as one of several options and that in a March 13, 2002, email the proposal was put on hold to explore other alternatives.

40.     Merck denies each and every allegation contained in the first three sentences of paragraph 40 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck denies each and every allegation contained in the fourth sentence of paragraph 40 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPA, S.A. (MSD). Merck denies each and every allegation contained in the fifth sentence of paragraph 40 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

41.    Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to the referenced article for its actual language and full text. Merck further admits that Vioxx was prescribed to millions of patients by health care providers, and that Vioxx was registered, marketed and sold in approximately 80 countries outside the United States.

42.    Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that the presentation referenced in that paragraph exists and respectfully refers the Court to the presentation for its actual language and full text.

43.    Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

44.    Merck denies each and every allegation contained in paragraph 44 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

45.    Merck denies each and every allegation contained in paragraph 45 of the Complaint except admits that on September, 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further admits that Vioxx was prescribed to millions of patients by healthcare providers and that Vioxx worldwide sales figures exceeded $2 billion in 2000, 2001, 2002, and 2003.

## VI.  RESPONSE TO "SUMMARY"

46.    Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint

48.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

51.    Merck denies each and every allegation contained in paragraph 51 of the Complaint except admits that Plaintiff seeks compensation for damages but denies that there is any factual or legal basis for such relief

## VII.  RESPONSE TO "COUNT 1 -- NEGLIGENCE"

52.    With respect to the allegations contained in paragraph 52 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

53.    Merck denies each and every allegation contained in the first sentence of paragraph 53 of the Complaint.  The allegations contained in second sentence of paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 53 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules,

54.    The allegations contained in the first sentence of paragraph 54 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 54 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.   Merck denies each and every allegation contained in the remaining sentences in paragraph 54, including subparagraphs a-p, of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

55.    The allegations contained in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

56.    The allegations contained in paragraph 56, including subparagraphs a-f, of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and subparagraphs and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

57.    Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint.

## VIII.  RESPONSE TO "COUNT 2 -- GROSS NEGLIGENCE"

59. 1   With respect to the allegations contained in the second-numbered paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

61.    The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint except admits that Plaintiff purports to make a claim for punitive damages but denies that there is any legal or factual basis for the same.

62.    Merck denies each and every allegation contained in paragraph 62 of the complaint except admits that Plaintiff purports to make a claim for exemplary damages but denies that there is any legal or factual basis for same.

## IX.  RESPONSE TO "COUNT 3 --  COMMON LAW FRAUD – FAILURE TO DISCLOSE"

63.    With respect to the allegations contained in paragraph 63 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

64.    The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

65.    The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in said paragraph.

66.    Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.    Merck denies each and every allegation contained in paragraph 70 of the Complaint.

## X.  RESPONSE TO "COUNT 4 – COMMON LAW STRICT LIABILITY"

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint except admits that Plaintiff purports to make a claim for exemplary damages but denies that there is any legal or factual basis for same.

## XI.  RESPONSE TO "COUNT 5 --  BREACH OF WARRANTIES (EXPRESS AND IMPLIED)"

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

77.    Merck denies each and every allegation contained in paragraph 77 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

78.    Merck denies each and every allegation contained in paragraph 78, including subparagraphs a-f, of the Complaint except admits that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information.

79.    Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.    Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.    Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.    Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.    Merck denies each and every allegation contained in paragraph 83, including subparagraphs a-c, of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

84.    Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Merck denies each and every allegation contained in paragraph 85 of the Complaint.

## XII.  RESPONSE TO "CLAIMS AGAINST PFIZER"

86.     With respect to the allegations contained in paragraph 86 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

87.    The allegations contained in paragraph 87 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

88.    The allegations contained in paragraph 88 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

89.    The allegations contained in paragraph 89 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

90.    The allegations contained in paragraph 90 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

91.    The allegations contained in paragraph 91 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

92.     The allegations contained in paragraph 92 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

93.     The allegations contained in paragraph 93 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XIII.  RESPONSE TO "COUNT 1 -- NEGLIGENCE"

94.     With respect to the allegations contained in paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

95.     The allegations contained in paragraph 95 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Further, the allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant law governing Plaintiff's negligence.

96.     The allegations contained in paragraph 96 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

97.     The allegations contained in paragraph 97, including subparagraphs a-g, of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and subparagraphs.

98.    The allegations contained in paragraph 98 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

99.    The allegations contained in paragraph 99 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

100.    The allegations contained in paragraph 100 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XIV.  RESPONSE TO "STRICT PRODUCT LIABILITY – MARKETING DEFECT"

101.    With respect to the allegations contained in paragraph 101 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

102.    The allegations contained in paragraph 102 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

103.    The allegations contained in paragraph 103 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

104.    The allegations contained in paragraph 104 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

105.    The allegations contained in paragraph 105 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

106.    The allegations contained in paragraph 106 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

107.    The allegations contained in paragraph 107 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

108.    The allegations contained in paragraph 108 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

109.    The allegations contained in paragraph 109 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### XV.  RESPONSE TO "BREACH OF EXPRESS WARRANTIES"

110.    With respect to the allegations contained in paragraph 110 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

111.    The allegations contained in paragraph 111 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

112.    The allegations contained in paragraph 112 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

113.    The allegations contained in paragraph 113 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

114.    The allegations contained in paragraph 114 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### XVI.  RESPONSE TO "BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE"

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

116.    The allegations contained in paragraph 116 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

117.    The allegations contained in paragraph 117 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

118.    The allegations contained in paragraph 118 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

119.    The allegations contained in paragraph 119 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

120.    The allegations contained in paragraph 120 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

121.    The allegations contained in paragraph 121 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XVII.  RESPONSE TO "NEGLIGENT MISREPRESENTATION"

122.    With respect to the allegations contained in paragraph 122 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

123.    The allegations contained in paragraph 123 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Further, the allegations contained in paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant law governing Plaintiff's negligence.

124.    The allegations contained in paragraph 124 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

125.    The allegations contained in paragraph 125 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

126.    The allegations contained in paragraph 126 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

127.    The allegations contained in paragraph 127 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

128.    The allegations contained in paragraph 128 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Further, the allegations contained in the first sentence of paragraph 128 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant law governing Plaintiff's negligence.

129.    The allegations contained in paragraph 129 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XVIII.  RESPONSE TO "FRAUDULENT MISREPRESENTATION"

130.    With respect to the allegations contained in paragraph 130 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

131.    The allegations contained in paragraph 131 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Further, the allegations contained in paragraph 131 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

132.    The allegations contained in paragraph 132 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

133.    The allegations contained in paragraph 133 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

134.    The allegations contained in paragraph 134 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Further, the allegations contained in paragraph 134 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

135.    The allegations contained in paragraph 135 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

136.    The allegations contained in paragraph 136 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

137.    The allegations contained in paragraph 137 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XIX.  RESPONSE TO "ACTUAL DAMAGES"

138.    Paragraph 138 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph 138, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## XX.  RESPONSE TO "PUNITIVE DAMAGES"

139.    With respect to the allegations contained in paragraph 139 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

140.    Merck denies every allegation directed toward Merck contained in paragraph 140 of the Complaint.  The remaining allegations contained in paragraph 140 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

141.    Merck denies every allegation directed toward Merck contained in paragraph 141 of the Complaint.  The remaining allegations contained in paragraph 141 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

142.    Merck denies every allegation directed toward Merck contained paragraph 142 of the Complaint.  The remaining allegations contained in paragraph 142 of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

143.    Merck denies every allegation directed toward Merck contained paragraph 143 of the Complaint except admits that Plaintiff purports to make a claim for punitive damages but denies that there is any legal or factual basis for the same.  The remaining allegations contained in paragraph 143 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XXI.  RESPONSE TO "FRAUDULENT CONCEALMENT AND TOLLING OF APPLICABLE STATUTES OF LIMITATION"

144.    Merck denies each and every allegation directed toward Merck contained in paragraph 144 of the Complaint except admits that Plaintiff purports to invoke the discovery rule to prevent his claim from being time barred but denies that there is any legal or factual basis for the same.

145.    Merck denies each and every allegation directed toward Merck contained in paragraph 145 of the Complaint except admits that Plaintiff purports to invoke the discovery rule to prevent his claim from being time barred but denies that there is any legal or factual basis for the same.

146.    Merck denies each and every allegation directed toward Merck contained in the first sentence of paragraph 146 of the Complaint. The allegations contained in the second sentence of paragraph 146 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed toward Merck contained in said sentence, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

147.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in the first sentence of paragraph 147 of the Complaint, and denies each and every allegation directed at Merck in said sentence. Merck denies each and every allegation contained in the second sentence of paragraph 147 of the Complaint directed toward Merck.

## XXII.  RESPONSE TO "PRAYER FOR RELIEF"

148.    The unnumbered paragraph entitled "PRAYER FOR RELIEF", including subparagraphs a-g, of the Complaint does not contain allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in said paragraph, including subparagraphs a-g, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## XXIII.  RESPONSE TO "DEMAND FOR JURY TRIAL"

149.    Merck admits that Plaintiff purports to request a trial by jury.

150.    Merck denies each and every allegation not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

1.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statute of limitations, statutes of repose, or otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

2.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

3.      The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

4.      The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

5.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

6.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

7.      To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

8.      To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

9.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

10.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

11.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

12.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

13.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

14.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arkansas law.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Arkansas Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17.    Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

18.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

19.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

20.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

21.    Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

22.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

23.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

24.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

25.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

26.     The claims of the Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

28.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

29.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

31.     Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

33.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

34.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

35.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

36.    Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

37.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:**

39.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:**

40.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:**

41.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:**

42.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

**AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:**

43.     Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

**AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:**

44.     To the extent Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

**AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:**

45.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FORTY-SIXTH DEFENSE, MERCK ALLEGES:

46.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

## AS FOR A FORTY-SEVENTH DEFENSE, MERCK ALLEGES:

47.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR A FORTY-EIGHTH DEFENSE, MERCK ALLEGES:

48.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## JURY DEMAND

49.    Merck hereby demands trial by jury on all issues.

Respectfully submitted,


By:/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Arkansas Bar No. 96063
Kristie A. Wright
Arkansas Bar No. 2005012
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
903-255-1000
903-255-0800 (FAX)
jdoan@haltomdoan.com
kwright@haltomdoan.com

ATTORNEYS FOR MERCK & CO., INC.


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served by facsimile transmission and/or first class mail this 22nd day of October, 2007.


                        /s/ Jennifer Haltom Doan
                        Jennifer Haltom Doan