AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| *This document relates to* | CASE NO 3:07-cv-06147-CRB |
| THOMAS L. PENTICOFF, | **PFIZER INC.'S ANSWER TO COMPLAINT** |
| Plaintiff, | **JURY DEMAND ENDORSED HEREIN** |
| vs. | |
| MERCK & CO., INC., and PFIZER, INC., | |
| Defendants. | |

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

I.

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

II.

**ORIGINAL ANSWER**

**Response to Allegations Regarding Parties**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

2.    Defendant states that allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required.

3.    Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York. Defendant admits that Pfizer is registered to do and does business in the State of Arkansas. Defendant admits that Pfizer may be served through its registered agent. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

2    patients two years of age and older.  Defendant denies the remaining allegations in this

3    paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

4.    Defendant is without knowledge or information to form a belief as to the truth of the

allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

in controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiff

claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive

of interests and costs.

5.    Defendant states that this paragraph of the Complaint contains legal contentions to

which no response is required.  To the extent that a response is deemed required, Defendant

denies the allegations in this paragraph of the Complaint.

**Response to Introduction**

6.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

Celebrex® in the United States to be prescribed by healthcare providers who are by law

authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

prescribing information.  Defendant denies the remaining allegations in this paragraph of the

Complaint.

7.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

Celebrex® in the United States to be prescribed by healthcare providers who are by law

authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

prescribing information.  Defendant denies the remaining allegations in this paragraph of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Complaint.

8.     Defendant states that allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendant, and, therefore, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

9.     Defendant states that allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendant, and, therefore, no response is required. Defendant admits that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant states that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendant denies the remaining allegations in this paragraph of the Complaint.

10.    Defendant states that allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required.

11.    Defendant states that allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendant, and, therefore, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

12.    Defendant states that allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendant, and, therefore, no response is required.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant states that allegations in this paragraph of the Complaint regarding Merck are not directed toward Defendant, and, therefore, no response is required.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Vioxx®**

14-85.  Answering Paragraphs 14 through 85 of Plaintiff's Complaint, Defendant states that allegations in these paragraphs of the Complaint are not directed toward Defendant, and, therefore, no response is required.  To the extent that a response is deemed required, Defendant states that Plaintiff fails to provide the proper context for the allegations in these paragraphs of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

**Response to Causes of Action Against Pfizer**

86.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

87.    Defendant is without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this paragraph of the Complaint.

88.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this paragraph of the Complaint.

89.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

90.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

91.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

92.    Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information.  Defendant states that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

5   remaining allegations in this paragraph of the Complaint.

6   93.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

7   or damage, and denies the remaining allegations in this paragraph of the Complaint.

8   **Response to First Cause of Action: Negligence**

9   94.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

10  Amended Complaint as if fully set forth herein.

11  95.    Defendant states that this paragraph of the Complaint contains legal contentions to

12  which no response is required.  To the extent that a response is deemed required, Defendant

13  admits that it had duties as are imposed by law but denies having breached such duties.

14  Defendant states that Celebrex® was and is safe and effective when used in accordance with

15  its FDA-approved prescribing information.  Defendant states that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendant denies the remaining allegations in this paragraph of the Complaint.

19  96.    Defendant states that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendant states that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

24  of the Complaint.

25  97.    Defendant states that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendant states that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
2    of the Complaint, including all subparts.

3    98.    Defendant is without knowledge or information sufficient to form a belief as to the
4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
5    Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe
6    and effective when used in accordance with its FDA-approved prescribing information.
7    Defendant states that the potential effects of Celebrex® were and are adequately described in
8    its FDA-approved prescribing information, which was at all times adequate and comported
9    with applicable standards of care and law.  Defendant denies any wrongful conduct, denies
10   that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this
11   paragraph of the Complaint.

12   99.    Defendant is without knowledge or information sufficient to form a belief as to the
13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
14   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe
15   and effective when used in accordance with its FDA-approved prescribing information.
16   Defendant states that the potential effects of Celebrex® were and are adequately described in
17   its FDA-approved prescribing information, which was at all times adequate and comported
18   with applicable standards of care and law.  Defendant denies any wrongful conduct and denies
19   the remaining allegations in this paragraph of the Complaint.

20   100.   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury
21   or damage, and denies the remaining allegations in this paragraph of the Complaint.

22                    **Response to Second Cause of Action:**

23                **Strict Products Liability – Marketing Defect**

24   101.   Defendant incorporates by reference its responses to each paragraph of Plaintiff's
25   Amended Complaint as if fully set forth herein.

26   102.   Defendant admits that, during certain periods of time, Pfizer marketed and co-
27   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by
28   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant

1  denies the remaining allegations in this paragraph of the Complaint.

2  103.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7  of the Complaint.

8  104.    Defendant states that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendant states that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

13  of the Complaint.

14  105.    Defendant states that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendant states that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

19  remaining allegations in this paragraph of the Complaint.

20  106.    Defendant states that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendant states that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably

25  dangerous, and denies the remaining allegations in this paragraph of the Complaint.

26  107.    Defendant states that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendant states that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

3   remaining allegations in this paragraph of the Complaint.

4   108.    Defendant states that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendant states that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

9   Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this

10  paragraph of the Complaint.

11  109.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

12  or damage, and denies the remaining allegations in this paragraph of the Complaint.

13              **<u>Response to Third Cause of Action: Express Warranties</u>**

14  110.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

15  Amended Complaint as if fully set forth herein.

16  111.    Defendant admits that it provided FDA-approved prescribing information regarding

17  Celebrex®.  Defendant states that Celebrex® was and is safe and effective when used in

18  accordance with its FDA-approved prescribing information.  Defendant states that the

19  potential effects of Celebrex® were and are adequately described in its FDA-approved

20  prescribing information, which was at all times adequate and comported with applicable

21  standards of care and law.  Defendant denies the remaining allegations in this paragraph of the

22  Complaint.

23  112.    Defendant states that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28  of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

113.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

114.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action:**

**Implied Warranties of Merchantability and Fitness**

115.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Amended Complaint as if fully set forth herein.

116.    Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies

1  that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations

2  in this paragraph of the Complaint.

3  118.   Defendant denies the allegations in this paragraph of the Complaint.

4  119.   Defendant states that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

9  of the Complaint.

10  120.   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

11  or damage, and denies the remaining allegations in this paragraph of the Complaint.

12  121.   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

13  or damage, and denies the remaining allegations in this paragraph of the Complaint.

14  **Response to Fifth Cause of Action: Negligent Misrepresentation**

15  122.   Defendant incorporates by reference its responses to each paragraph of Plaintiff's

16  Amended Complaint as if fully set forth herein.

17  123.   Defendant states that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendant

19  admits that it had duties as are imposed by law but denies having breached such duties.

20  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

21  Celebrex® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

23  that the potential effects of Celebrex® were and are adequately described in its FDA-approved

24  prescribing information, which was at all times adequate and comported with applicable

25  standards of care and law.  Defendant denies the remaining allegations in this paragraph of the

26  Complaint.

27  124.   Defendant states that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

125.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

126.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

127.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

128.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

129.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Fraudulent Misrepresentation**

130.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Amended Complaint as if fully set forth herein.

131.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

132.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

133.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

134.    Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-
ANSWER TO COMPLAINT – 3:07-cv-06147-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    with its FDA-approved prescribing information.  Defendant states that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

5    of the Complaint.

6    135.    Defendant denies any wrongful conduct and denies the remaining allegations in this

7    paragraph of the Complaint.

8    136.    Defendant states that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendant states that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

13   of the Complaint.

14   137.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

15   or damage, and denies the remaining allegations in this paragraph of the Complaint.

16   <u>**Response to Allegations Regarding Actual Damages**</u>

17   138.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

18   or damage, and denies the remaining allegations in this paragraph of the Complaint.

19   <u>**Response to Allegations Regarding Punitive Damages**</u>

20   139.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

21   Amended Complaint as if fully set forth herein.

22   140.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

23   and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

24   Defendant states that Celebrex® was and is safe and effective when used in accordance with

25   its FDA-approved prescribing information.  Defendant states that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

1    of the Complaint.

2    141.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

3    and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

4    Defendant states that Celebrex® was and is safe and effective when used in accordance with

5    its FDA-approved prescribing information.    Defendant states that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

9    of the Complaint.

10    142.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

11    and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

12    Defendant states that Celebrex® was and is safe and effective when used in accordance with

13    its FDA-approved prescribing information.    Defendant states that the potential effects of

14    Celebrex® were and are adequately described in its FDA-approved prescribing information,

15    which was at all times adequate and comported with applicable standards of care and law.

16    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

17    of the Complaint.

18    143.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

19    and Vioxx® are not directed toward Defendant, and, therefore, no response is required.

20    Defendant states that Celebrex® was and is safe and effective when used in accordance with

21    its FDA-approved prescribing information.    Defendant states that the potential effects of

22    Celebrex® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

25    damage, and denies the remaining allegations in this paragraph of the Complaint.

26    <u>**Response to Allegations Regarding Fraudulent Concealment and**</u>

27    <u>**Tolling of Applicable Statutes of Limitations**</u>

28    144.    Defendant states that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which no response is required.  To the extent that a response is deemed required, Defendant

2   states that allegations in this paragraph of the Complaint regarding Merck are not directed

3   toward Defendant, and, therefore, no response is required.  Defendant states that Celebrex®

4   was and is safe and effective when used in accordance with its FDA-approved prescribing

5   information.  Defendant states that the potential effects of Celebrex® were and are adequately

6   described in its FDA-approved prescribing information, which was at all times adequate and

7   comported with applicable standards of care and law.  Defendant denies any wrongful conduct

8   and denies the remaining allegations in this paragraph of the Complaint.

9   145.    Defendant states that this paragraph of the Complaint contains legal contentions to

10  which no response is required.  To the extent that a response is deemed required, Defendant

11  states that allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

12  directed toward Defendant, and, therefore, no response is required.  Defendant states that

13  Celebrex® was and is safe and effective when used in accordance with its FDA-approved

14  prescribing information.  Defendant states that the potential effects of Celebrex® were and are

15  adequately described in its FDA-approved prescribing information, which was at all times

16  adequate and comported with applicable standards of care and law.  Defendant denies any

17  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

18  146.    Defendant states that this paragraph of the Complaint contains legal contentions to

19  which no response is required.  To the extent that a response is deemed required, Defendant

20  admits that it had duties as are imposed by law but denies having breached such duties.

21  Defendant states that allegations in this paragraph of the Complaint regarding Merck and

22  Vioxx® are not directed toward Defendant, and, therefore, no response is required.  Defendant

23  states that Celebrex® was and is safe and effective when used in accordance with its FDA-

24  approved prescribing information.  Defendant states that the potential effects of Celebrex®

25  were and are adequately described in its FDA-approved prescribing information, which was at

26  all times adequate and comported with applicable standards of care and law.  Defendant denies

27  any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

28  147.    Defendant states that allegations in this paragraph of the Complaint regarding Merck

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

are not directed toward Defendant, and, therefore, no response is required.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.      Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.      Any injuries or expenses incurred by Plaintiff was not caused by Celebrex®, but were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or

2    act of God.

### Eleventh Defense

4    11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

### Twelfth Defense

6    12.    A manufacturer has no duty to warn patients or the general public of any risk,

7    contraindication, or adverse effect associated with the use of a prescription medical product.

8    Rather, the law requires that all such warnings and appropriate information be given to the

9    prescribing physician and the medical profession, which act as a "learned intermediary" in

10   determining the use of the product.  Celebrex® is a prescription medical product, available

11   only on the order of a licensed physician.   Celebrex® provided an adequate warning to

12   Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

15   time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably

18   fit for its intended use and the warnings and instructions accompanying Celebrex® at the time

19   of the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved

20   usages.

### Fifteenth Defense

22   15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

23   Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

24   standard of care.

### Sixteenth Defense

26   16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use

27   of the product Celebrex® after the product left the control of Defendant and any liability of

28   Defendant is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Seventeenth Defense**

2

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

3

Defendant.

4

**Eighteenth Defense**

5

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

6

conditions unrelated to Celebrex®.

7

**Nineteenth Defense**

8

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

9

the doctrine of assumption of the risk bars or diminishes any recovery.

10

**Twentieth Defense**

11

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are

12

preempted in accordance with the Supremacy Clause of the United States Constitution and by

13

the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

14

**Twenty-first Defense**

15

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

16

the subject pharmaceutical product at issue was subject to and received pre-market approval

17

by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

18

**Twenty-second Defense**

19

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

20

Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

21

and Plaintiff's causes of action are preempted.

22

**Twenty-third Defense**

23

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

24

jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

25

issue under applicable federal laws, regulations, and rules.

26

**Twenty-fourth Defense**

27

24.    Plaintiff's claims are barred in whole or in part because there is no private right of

28

action concerning matters regulated by the Food and Drug Administration under applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    federal laws, regulations, and rules.

2    **Twenty-fifth Defense**

3    25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate

4    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5    of Comment j to Section 402A of the Restatement (Second) of Torts.

6    **Twenty-sixth Defense**

7    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

8    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

9    Restatement (Second) of Torts § 402A, Comment k.

10    **Twenty-seventh Defense**

11    27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

12    product at issue "provides net benefits for a class of patients" within the meaning of Comment

13    f to § 6 of the Restatement (Third) of Torts: Products Liability.

14    **Twenty-eighth Defense**

15    28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16    Products Liability.

17    **Twenty-ninth Defense**

18    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

19    facts sufficient under the law to justify an award of punitive damages.

20    **Thirtieth Defense**

21    30.    Defendant affirmatively avers that the imposition of punitive damages in this case

22    would violate Defendant's rights to procedural due process under the Fourteenth Amendment

23    of the United States Constitution, the Constitution of the State of California, and Art. 2, § 8 of

24    the Constitution of the State of Arkansas, and would additionally violate Defendant's rights to

25    substantive due process under the Fourteenth Amendment of the United States Constitution.

26    **Thirty-first Defense**

27    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

28    Fourteenth Amendments to the United States Constitution and are subject to all provisions of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Arkansas and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    existing at the time of the sale.

2    **Forty-first Defense**

3    41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

4    information and belief, such injuries and losses were caused by the actions of persons not

5    having real or apparent authority to take said actions on behalf of Defendant and over whom

6    Defendant had no control and for whom Defendant may not be held accountable.

7    **Forty-second Defense**

8    42.    The claims asserted in the Complaint are barred, in whole or in part, because

9    Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for

10    which it was intended, and was distributed with adequate and sufficient warnings.

11    **Forty-third Defense**

12    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

13    waiver, and/or estoppel.

14    **Forty-fourth Defense**

15    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

16    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

17    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

18    independent of or far removed from Defendant's conduct.

19    **Forty-fifth Defense**

20    45.    The claims asserted in the Complaint are barred, in whole or in part, because

21    Celebrex® did not proximately cause injuries or damages to Plaintiff.

22    **Forty-sixth Defense**

23    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

24    did not incur any ascertainable loss as a result of Defendant's conduct.

25    **Forty-seventh Defense**

26    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

27    manufacturing, labeling, packaging, and any advertising of the product complied with the

28    applicable codes, standards and regulations established, adopted, promulgated or approved by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources, and the provisions of Ark. Code Ann. § 16-55-212(b).

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    implementing regulations, and with the specific determinations by FDA specifying the

2    language that should be used in the labeling accompanying Celebrex®.    Accordingly,

3    Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution,

4    Article VI, clause 2, and the laws of the United States.

5    **Fifty-fourth Defense**

6    54.    Plaintiff's fraud based claims, if any, are not stated with particularity as required by

7    Rule 9 of the Federal Rules of Civil Procedure and/or Rule 9 of the Arkansas Rules of Civil

8    Procedure.

9    **Fifty-fifth Defense**

10    55.    Plaintiff's damages, if any, must be reduced by the percentage of fault attributable to

11    Plaintiff and to nonparties as provided by Ark. Code Ann. § 16-55-202.

12    **Fifty-sixth Defense**

13    56.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products

14    Liability Act, Ark. Code Ann. § 16-116-101, et seq.

15    **Fifty-seventh Defense**

16    57.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas

17    Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

18    **Fifty-eighth Defense**

19    58.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products

20    Liability Act, Ark. Code Ann. § 16-116-101, et seq.

21    **Fifty-ninth Defense**

22    59.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

23    Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

24    damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

25    negligence, and by the failure to mitigate damages.

26    **Sixtieth Defense**

27    60.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

28    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-06147-CRB

abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendant or persons acting on Defendant's behalf after the product left the control of Defendant.

### Sixty-first Defense

61.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Sixty-second Defense

62.    Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Sixty-third Defense

63.    Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Sixty-fourth Defense

64.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.

### Sixty-fifth Defense

65.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### IV.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.    That the Complaint be dismissed;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

3.      That Defendant be awarded its costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals Plaintiff's proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's damages; and

6.      That Defendant has such other and further relief as the Court deems appropriate.

January 14, 2008                                 GORDON & REES LLP


                                                 By: :_____/s/_____
                                                     Stuart M. Gordon
                                                     sgordon@gordonrees.com
                                                     Embarcadero Center West
                                                     275 Battery Street, 20th Floor
                                                     San Francisco, CA  94111
                                                     Telephone:  (415) 986-5900
                                                     Fax:  (415) 986-8054

January 14, 2008                                 TUCKER ELLIS & WEST LLP


                                                 By: :_____/s/_____
                                                     Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
                                                     515 South Flower Street, Suite 4200
                                                     Los Angeles, CA 90071-2223
                                                     Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

                                                     Attorneys for Defendant
                                                     PFIZER INC.

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

January 14, 2008                              GORDON & REES LLP


By: :_____/s/_____
     Stuart M. Gordon
     sgordon@gordonrees.com
     Embarcadero Center West
     275 Battery Street, 20th Floor
     San Francisco, CA  94111
     Telephone:  (415) 986-5900
     Fax:  (415) 986-8054

January 14, 2008                              TUCKER ELLIS & WEST LLP


By: :_____/s/_____
     Michael C. Zellers
     michael.zellers@tuckerellis.com
     515 South Flower Street, Suite 4200
     Los Angeles, CA 90071-2223
     Telephone:  (213) 430-3400
     Fax:  (213) 430-3409

     Attorneys for Defendant
     PFIZER INC.